IN THE  UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-Cr-20884-Lenard/Torres

UNITED STATES OF AMERICA,     :
     Plaintiff,     :
                               :
     vs.     :
                               :
MARCEL MEIR REBOH, et al.     :
     Defendant.     :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

## MOTION TO SUPPRESS POST-ARREST STATEMENT

Defendant MARCEL REBOH was arrested on October 25, 2008, at which time he refused to execute a waiver of his Miranda rights.  Nevertheless, he was interrogated, as documented in the F.B.I.-302, attached.

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, Miranda v. Arizona, 384 U.S. 436 (1966), and the additional authorities set forth below, Defendant moves the Court to preclude the government from using at trial his alleged, post-arrest statements.  Defendant requests a pre-trial evidentiary hearing on this issue.

## Memorandum of Law

The government must show that a defendant voluntarily relinquished his rights, and that he was fully aware of the rights he was waiving and the consequences of waiving those rights.  See Colorado v. Connelly, 479 U.S. 157, 168 (1986); Moran

v. Burbine, 475 U.S. 412, 421 (1986).   In order to establish that a defendant "knowingly and intelligently" waived her Miranda rights, the government must meet a "high standar[d] of proof".   See Miranda, 384 U.S. at 475.   Factors relevant to determining whether a statement was made voluntarily include the suspect's intelligence, education, and age; familiarity with the criminal justice system; and physical and mental condition.   See, e.g., Henry v. Dees, 658 F.2d 406, 411 (5th Cir. 1981); United States v. Cruz Jimenez, 894 F.2d 1, 8 (1st Cir. 1990).

Courts are to "indulge every reasonable presumption against waiver of fundamental constitutional rights" and they shall "not presume acquiescence in the loss of fundamental rights."   Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Furthermore, while an express written or oral waiver of the right to remain silent or of the right to counsel offers proof of the validity of that waiver, it does not inevitably establish the sufficiency of the waiver.   "The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case."   North Carolina v. Butler, 441 U.S. 369, 373 (1979).   In making this determination, courts closely examining the totality of the circumstances under which the subject of the custodial interrogation made the statements.   Where an official exploits a suspect's mental state, the confession is involuntary.   Coleman v. Singletary, 30 F.3d 1420 (11th Cir. 1994).   Likewise, a suspect's mental state can also affect whether his confession was knowing and intelligent.   Smith v. Zant, 887 F.2d

1407 (11th Cir. 1989).

If a defendant has invoked his right to counsel when he is in custody questioning must cease with regard to all offenses.  <u>Arizona v. Roberson</u>, 486 U.S. 675 (1988); <u>United States v. Johnson</u>, 812 F.2d 1329 (11th Cir. 1986).  This is a "rigid rule that an accussed's request for an attorney is per se an invocation of his fifth amendment rights, requiring that all interrogation cease." <u>United States v. Herrera</u>, 711 F.2d 1546, 1557 (11th Cir. 1983) (citation omitted).  Courts have consistently found a violation of the Fifth Amendment where a custodial interrogation continues after a request for counsel.  <u>See, e.g.</u>, <u>United States v. Gomez</u>, 927 F.2d 1530, 1538 (11th Cir. 1991) (violation of Fifth Amendment when police made statements after request for counsel regarding benefit of cooperating and length of potential sentence because statements were designed to elicit incriminating response).

Given that defendant refused to execute a <u>Miranda</u> waiver form, the product of the interrogation should be suppressed.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Ph.: 305-371-6421 – Fax: 305-358-2006
E-mail <u>Srebnick@RoyBlack.com</u>

By:   <u>s/ Howard M. Srebnick</u>
HOWARD M. SREBNICK, ESQ.
Florida Bar No. 919063

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on  January 25, 2008, this motion was emailed to

AUSA Christian.

By:    <u>/s/ Howard M. Srebnick   </u>
HOWARD M. SREBNICK, ESQ.
Counsel for Marcel Reboh